UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MENDOZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY BEARD,[1]<br><br>　　　　　Respondent. | No. 2:98-cv-01857-MCE-GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

　　　　This case, and petitioner's brother's related case 2:98-cv-2150-MCE-GGH, have engendered the most bizarre set of delay-in-exhaustion circumstances seen by the undersigned. Both petitioners were represented by separate, unrelated counsel. These counsel essentially abandoned their clients *for over 14 years* after this court stayed the habeas petitions for exhaustion of new claims. Whoever coined the saying (and myth) that "lightning never strikes twice in the same place," would be surprised to see that such is what precisely occurred in this court in these two cases. However, because the outcome is different for each "strike," the undersigned adjudicates the motions to dismiss separately.

---

[1] Respondent's counsel requested that Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, be substituted as Respondent in this action and all other respondents be terminated. ECF No. 39. Pursuant to Federal Rule of Civil Procedure 25(d) and Rumsfeld v. Padilla, 542 U.S. 426, 450 n.18 (2004), the request is hereby granted.

1

Petitioner, a state prisoner proceeding with counsel, filed a petition for writ of habeas corpus on September 23, 1998. ECF No. 1. However, the operative petition in this matter is the amended petition filed on January 27, 2000. ECF No. 26. On May 8, 2000, this matter was stayed pending exhaustion of new claims. ECF No. 29. The next docket entry, over 14 years later, was a request for status filed by petitioner. ECF No. 30. On November 21, 2014, the court lifted the stay and reopened this case. ECF No. 42.

Pending before the court is respondent's motion to dismiss for failure to prosecute. ECF No. 40. Petitioner opposes this motion on the ground that the delay in prosecution of the petition was not petitioner's fault, but petitioner's "court-appointed attorney ceased to actually function as his counsel and yet lulled him into believing that she was handling his case . . . ." ECF No. 45. The court finds that the fault of the delay principally lies with previous counsel, respondent has suffered no *actual* prejudice as the result of the delay with respect to the exhausted claims, and a less drastic alternative exists. And in this case, petitioner at least exercised some diligence and follow-up with his attorney regarding the case status. As a result, the court recommends denial of respondent's motion to dismiss for failure to prosecute, but does recommend that the non-exhausted claim be forfeited.

BACKGROUND

Petitioner Pedro Mendoza, jointly tried with Luis Mendoza (petitioner's brother and the petitioner in related case no. 2:98-cv-2150-MCE-GGH), was convicted by a jury of two counts of first degree murder and two counts of attempted murder. The jury also found true the special circumstance of multiple murder. Both petitioner and his brother were sentenced to life without the possibility of parole.

On appeal, petitioner argued that there was insufficient evidence to sustain his conviction of first degree murder and attempted murder via premeditation and deliberation and the trial incorrectly instructed the jury. ECF No. 40, at 16, 22. The Third District Court of Appeal affirmed the judgment. ECF No. 40, at 37.

Ultimately, petitioner filed his pro se federal habeas corpus petition on September 23, 1998. ECF No. 1. The court appointed petitioner counsel and subsequently petitioner was

represented by Gail R. Weinheimer. ECF Nos. 4, 9. In December 1999, petitioner made a request to the court for funding to hire an expert in connection with an unexhausted claim that petitioner was not competent to stand trial. See ECF No. 19. The court denied that request and advised that petitioner should make the initial expert funding request in state court. ECF No. 19. Petitioner filed an amended petition on January 27, 2000 containing only exhausted claims. ECF No. 26. Subsequently, on May 8, 2000, the court ordered, pursuant to petitioner's request, the action stayed so that petitioner could exhaust his unexhausted claims. ECF No. 29.

On October 1, *2014*, petitioner sent a letter to the court requesting the status of his petition. ECF No. 30. On October 9, 2014, the court ordered petitioner's counsel to show cause why, among other things, the petition should not be dismissed. ECF No. 32. Petitioner's counsel, Gail Weinheimer, responded to the order to show cause and requested that that petitioner be appointed new counsel. ECF No. 34. The court granted the motion to appoint new counsel and ordered the Office of the Federal Defender for the Eastern District of California to either accept appointment as counsel for petitioner or designate for appointment new counsel. ECF No. 36. On November 4, 2014, Assistant Federal Defender, Carolyn Wiggin, was the attorney assigned to represent petitioner in the instant action. ECF No. 41.

DISCUSSION

    A. A Federal Habeas Petition Can Be Dismissed in its Entirety for Failure to Prosecute a State Exhaustion Proceeding

It is true that any delays in the federal proceeding itself prior to the entered stay are insignificant and would not stand as a basis to dismiss this case for failure to prosecute. Rather, it is the related, or contemplated, state exhaustion proceeding (no exhaustion proceeding was ever filed for petitioner) which has occasioned the 14-year delay. Thus, the threshold question is whether this entire federal proceeding may be dismissed for delays in the exhaustion proceeding. While the parties do not address this issue, the answer is that delay in the exhaustion proceeding may be counted as delay in the federal proceeding so as to justify dismissal of the entire petition. The answer is directed by logic, case law and Rhines v. Webber, 544 U.S. 269, 125 S.Ct. 1528 (2005).

First, the logic involved directs that a failure to prosecute exhaustion proceedings affects the entire federal petition. A petitioner asks that the entire action be stayed so that a new claim may be exhausted. By definition, the stayed federal petition is not being prosecuted during the time of the stay. If the stay is unduly prolonged by an unreasonable delay in exhausting state remedies, the non-prosecuted federal action therefore is unduly delayed as well in its entirety.

Calhoun v. Berg, 769 F.3d 409, 411 (6th Cir. 2014) involved such a situation. The petitioner therein waited six years to commence exhaustion after the federal petition was stayed. The entire petition was dismissed for failure to prosecute. A part of the Calhoun analysis looked to Rhines which held that stays had the potential to disrupt the comity owed between the federal to the state governments in terms of finality of state criminal judgments. Id. This disruption was exacerbated in situations where old and new claims were not diligently prosecuted for whatever reason.

Calhoun was a case which involved a conditional stay, *i.e.*, a time limit for exhaustion was expressly set forth in the stay order. Admittedly, Rhines (a case decided after the stay was issued in this case) also encouraged the use of conditional stays in order to motivate the swift commencement of exhaustion proceedings. In a case where one was concerned with a delay of days, weeks, even months, but not years, the absence of a conditional order might be a deciding factor. Nonetheless, no reasonable counsel or petitioner would believe that either could wait *14 years* without even commencing state proceedings, and still be in compliance with an order directing petitioner to exhaust state remedies. It does not take a specific deadline in the order to know that.

B. The Merits

Respondent moves this court to dismiss the amended petition for failure to prosecute and notes that while the motion "serves as a vehicle to permit Petitioner to formally explain the delay, the fact remains that dismissal should obtain absent a particularly good showing." ECF No. 40 at 4. In determining whether to dismiss a case for failure to prosecute or for failure to comply with a court order "the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

4

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) employing the same criteria in a habeas case. In addition,

> Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to avoid dismissal. *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970); *States Steamship Co. v. Philippine Air Lines*, *supra*. This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.

Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The petitioner "has the burden of persuading the court of the reasonableness of his delay and lack of prejudice to the defendant." Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984).

The first factor always favors dismissal. Pagtalunan, 291 F.3d at 642 ("The public's interest in expeditious resolution of litigation always favors dismissal." [internal quotations and citations omitted]). As respondent notes, the second factor weighs against dismissal—the case was administratively closed. The final factor weighs against dismissal—"[p]ublic policy favors disposition of cases on the merits." Id. Thus, the undersigned will analyze the remaining factors to determine whether the petition should be dismissed, plus one more—whose deficiency occasioned the delay—petitioner, or his counsel, or both.

Fault in Causing the Delay

Petitioner contends dismissal is not warranted because the fault of the delay lies with his previous counsel, Ms. Weinheimer. Indeed, petitioner further argues that Ms. Weinheimer's conduct rises to the level of abandonment. The court agrees in part. As more fully discussed below, the delay initially resulted from counsel's failure to actively work on this case and, subsequently, from petitioner's failure to diligently follow up on the status of this case.

Over the course of 15 years, petitioner sent his attorney six letters regarding the status of his federal habeas corpus petition. On March 9, 1999, Ms. Weinheimer sent petitioner an

introductory letter stating that she was appointed as petitioner's counsel and asking petitioner to send her documents related to his federal petition. ECF No. 45-1, at 3. Petitioner responded on March 14, 1999, stating that he sent all the documents he had. Id. at 5. Ms. Weinheimer wrote petitioner again on March 21, 1999 acknowledging receipt of the documents. Id. at 8. On April 7, 2000, Ms. Weinheimer via letter notified petitioner that she scheduled a visit for April 14, 2000 to discuss his federal habeas corpus proceeding. Id. at 10. Ms. Weinheimer did not visit petitioner and had never met with him in person throughout her representation of him. Declaration of Gail R. Weinheimer ("Weinheimer Decl."), ECF No. 45-2, at ¶¶ 4–5. On November 1, 2001, petitioner wrote Ms. Weinheimer a letter, notifying Ms. Weinheimer of his new address. ECF No. 45-1, at 12. On November 19, 2004, petitioner sent Ms. Weinheimer another letter, notifying her of his new address. Id. at 16. On March 4, 2004, Ms. Weinheimer responded to petitioner, stating that she was awaiting the adjudication of a California Supreme Court decision to resolve procedural issues relating to the post-conviction discovery statute. Id. at 19. On October 17, 2007, petitioner wrote Ms. Weinheimer, asking for a case status report. Id. at 21. Ms. Weinheimer responded, on November 5, 2007, explaining her thoughts on petitioner's case and stating that she was looking through the case to see if there was "anything else to be done on the state level before returning to federal court." Id. at 26. On July 21, 2009, petitioner wrote to Ms. Weinheimer, stating that he had been transferred to Corcoran, asking for a case status report and questioning whether there was a time limit for the federal court to make a decision. Id. at 28–29. Ms. Weinheimer responded on August 17, 2009, stating that she had had some medical problems and that she planned to "get things moving before the end of the year." Id. at 32–33. Five years later, on August 28, 2014, petitioner wrote Ms. Weinheimer again asking for a case status report. Id. 35–36. On September 28, 2014, petitioner requested a case status report from the court. ECF No. 30. On October 16, 2014, Ms. Weinheimer wrote petitioner notifying him that she had a new address and that she requested the court remove her from this case. ECF No. 45-1, at 45.

Petitioner states that when Ms. Weinheimer represented him, he believed that she was actively working on his case and did not know that his federal habeas case had been stayed. Declaration of Pedro Mendoza ("Mendoza Decl."), ECF No. 45-3, ¶¶ 6–7. In her August 17,

2009 letter, Ms. Weinheimer gave petitioner that impression stating she planned to continue work on petitioner's case "before the end of the year." ECF No. 45-1 at 33. Of course, Ms. Weinheimer did not continue the work and petitioner did not find out that was the case until five years later.

Petitioner is not completely faultless. The record reflects lengthy delays between contacts, or attempted contacts, with his counsel. Indeed, one delay ran for five years. Reliance on counsel is one thing, but at some point, a reasonable person would get the picture that counsel is not doing her job. A litigant needs to take some action to stir the case—much like petitioner did here—but, 14 years too late. Every litigant, even if represented, has some obligations to ensure that a case is diligently prosecuted.

Nevertheless, the Ninth Circuit has found in a non-habeas civil case that complete abandonment by counsel occasioning the delay is an extraordinary event excusing the delay for the grounds for the "innocent" plaintiff. Lai v. California, 610 F.3d 518, 524-25 (9th Cir. 2010) applying the rule of Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002) to a Rule 41 failure to prosecute situation. In Tani, the court did explore whether the affected party had contributed to the delay. The undersigned finds that Lai is not a precise fit in a habeas action, given the comity interest so stressed by the Supreme Court, *i.e.*, the state's interest in finality of criminal judgments transcends the individual case, but it is persuasive in the context of an insufficiently at-fault petitioner.

This factor weighs in favor of petitioner despite his own inaction which pales in comparison to the gross negligence, indeed mendacity, of his attorney. Petitioner did attempt to prod his counsel into relating the status of proceedings, but was given misrepresentations when contacted by his attorney, and oftentimes not even contacted. It would be inequitable to not give this petitioner a chance to have federal review of his criminal proceedings based on the delay *per se*.

Risk of Prejudice to Respondent

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

7

1  case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128,
2  131 (9th Cir. 1987)). "The pendency of a lawsuit is not sufficiently prejudicial itself to warrant
3  dismissal." Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999). "Limited delays
4  and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that
5  have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." Ash v.
6  Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). "Unreasonable delay creates a presumption of injury
7  to appellees' defenses. However, whether *actual* prejudice exists may be an important factor in
8  deciding whether a given delay is unreasonable. Neither delay nor prejudice can be viewed in
9  isolation." Id. (internal quotations and citations omitted). "[T]he risk of prejudice to the
10 defendant is related to the plaintiff's reason for defaulting . . . ." Yourish, 191 F.3d at 991.
11 Finally, the actual prejudice spoken of must relate to the instant case, not some case that might
12 occur in the future due to a ruling in petitioner's case here which causes the future case. Gratzer
13 v. Mahoney, 397 F.3d 686, 690 (9th Cir. 2005) ("[T]he relevant standard is whether the State has
14 been prejudiced in its ability to respond to the issues raised by the petition . . . not in its ability
15 retry the defendant.").

16 Under different circumstances—where respondent suffered *actual* prejudice—a five-year
17 delay in requesting a case status update from his attorney might be grounds for dismissal. Also,
18 respondent cannot claim that prejudice resulted from fading memories of witnesses or loss of
19 evidence, as the state court transcripts along with petitioner's various state habeas petitions will
20 serve as the complete record for this proceeding—at least with respect to the exhausted claims.
21 See Nealey v. Transportation Maritma Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980)
22 ("Prejudice itself usually takes two forms-loss of evidence and loss of memory by a witness.");
23 Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011) [only those evidentiary submissions
24 which were before the state court can be determinative of whether the state court acted AEDPA
25 unreasonably]).

26 However, the same is not true for the unexhausted claim—a claim that petitioner was not
27 competent at his long ago trial. Retrospective competency hearings are very difficult to perform
28 accurately, and they get more difficult the longer the time period from the claimed incompetency.

1    See Boyde v. Brown, 404 F.3d 1159, 1167 (9th Cir. 2005).  For this claim, respondent (and the

2    court) would be very prejudiced in attempting to litigate the claim.

3         In sum, the prejudice factor weighs against dismissal of the entire petition.  The

4    unexhausted claim is disposed of below.

5         <u>Availability of Less Drastic Alternatives</u>

6         A less-drastic alternative exists.  This proceeding was stayed for fourteen years to provide

7    petitioner an opportunity to exhaust a state law competency claim not raised on direct appeal.

8    Prior to the stay, petitioner filed an amended petition containing exhausted claims.  ECF No. 26.

9    Although petitioner never exhausted his state law competency claim despite fourteen years to do

10   so, this action will proceed with litigation of the claims presented in petitioner's 2000 amended

11   petition.  Termination of petitioner's potential, unexhausted competency state claim serves as

12   sanction less drastic than dismissal, and it is fair given the actual prejudice involved.  As a result,

13   this factor weighs against dismissal of the entire petition.

14   <u>CONCLUSION</u>

15        Six factors (including fault) weigh against dismissal and one factor favors dismissal.

16   Dismissal in this instance would be too drastic a sanction to impose on petitioner.

17        Accordingly, IT IS HEREBY RECOMMENDED that:

18        1.   Respondent's motion to dismiss the petition for failure to prosecute, filed on

19   November 4, 2014 (ECF No. 40), be denied;

20        2.   Petitioner has forfeited the right to seek further stays regarding his competency

21   claim; and

22        3.   Respondent be directed to file an answer to the amended petition (ECF No. 26)

23   within sixty days.

24        These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

26   after being served with these findings and recommendations, any party may file written

27   objections with the court and serve a copy on all parties.  Such a document should be captioned

28   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within fourteen days after service of the objections.  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  Dated: April 13, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016/mend1857.mtd