UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO MENDOZA,

    Petitioner,

    v.

JEFFREY BEARD,

    Respondent.

No. 2:98-cv-1857 MCE GGH

ORDER

    Attorney Gail Weinheimer, objects to the undersigned unilaterally presiding pursuant to E.D. Cal Local Rule 184 at any sanction process on behalf of the District Court, Eastern District of California.  A primary objection stems from her view of a (now superseded) General Order 45 which appears, by its adoption of E.D. Cal. Rule 9 (at the time) to contemplate the matter of discipline being initially determined by a standing disciplinary committee district.

    Although the undersigned does not share the view of Ms. Weimheimer or her counsel concerning the viability of the above General Order,[1]

---

[1] Governance of a district court can sometimes be a murky matter.  It appears that General Order 45 adopted Local Rule 9, were both promulgated in the early days of this district.  Sometime between 1983 and 1986, Rule 9 was split into Local Rules 180, 181 and 184.  Local Rule 184 was amended by General Order 201 in 1986, and any reference to a "standing committee" was removed.

1

1    their indication that--

2    > …potential attorney misconduct which might result in serious implications to an attorney's career should be reviewed by an organization generally tasked with overseeing attorney activities…
3

4    has merit.

5    Therefore, the undersigned will forego any further personal investigation or action
6    concerning Ms. Weinheimer's potential misconduct; the decision now is to simply refer the
7    matter to the State Bar of California and/or the CJA Panel (see General Order 323) for whatever
8    investigation/proceeding they deems appropriate.  Ms. Weinheimer has requested that the matter
9    be referred to the CJA Panel administered by the Federal Defender Office of this District.

10   The undersigned has given considerable thought to this matter.  The matter at hand
11   involving the conduct of Ms. Weinheimer in the above captioned case is troubling not only
12   because of her 14 year delay in seeking exhaustion of an issue in the state courts after petitioning
13   this court for a stay of the above captioned habeas case, but also because of her apparent
14   misrepresentations to her client concerning the "progress" in the case.

15   Because Ms. Weinheimer is presently a member of the CJA Panel for habeas cases, and
16   because that Panel has been entrusted by our District with disciplinary
17   investigations/adjudications of attorney misconduct matters, the undersigned believes that the
18   Panel is the forum, initially at least, to which this potential disciplinary matter should be
19   referenced.

20   Accordingly, IT IS HEREBY ORDERED that:

21   1. The Clerk is directed to copy and send ECF Nos. 27, 29, 32, 34, 35, 40, 45, 46, 47, 48
22      in the above captioned case <u>as well as this order</u> to the Federal Defender, Eastern
23      District of California for CJA Panel investigation/adjudication of the Weinheimer
24      misconduct matter.

25   2. The Federal Defender, or appropriate designee, shall inform the undersigned and the
26      Chief Judge of this District, within 45 days, of the outcome of the CJA Panel
27      investigation in the Weinheimer matter.  Any requests for an extension of time shall be
28      directed to the undersigned.

3. Nothing in this order precludes petitioner from seeking such further relief as petitioner may deem appropriate, including reference to the State Bar of California. Petitioner's counsel shall serve a copy of his order on petitioner himself.

4. This order resolves the order to show cause, ECF No. 47.

5. The Clerk shall serve this order on all counsel who have appeared at any time in this matter and, as noted above, the Federal Defender. The Clerk shall also serve the Chief Judge of this District, the Honorable Morrison C. England.

6. The Clerk shall change respondent in this case from Terhune to Jeffrey Beard.

Dated: May 28, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE