1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PEDRO MENDOZA,                              No.  2:98-cv-1857 MCE GGH P

12                    Petitioner,

13          v.                                    ORDER

14    JEFFREY BEARD,,

15                    Respondent.

16

17          Presently before the court is petitioner's motion to "transfer case to district judge and

18    determine current and proposed C.J.A. counsel[']s ability to provide constitutional level

19    representation."  (ECF No. 54.)

20          Pursuant to court order, Carolyn Wiggin of the Federal Defender's Office was assigned to

21    represent petitioner on November 4, 2014.  (ECF No. 36, 41.)  After this matter was referred on

22    May 29, 2015 to the Federal Defender for CJA Panel for investigation of petitioner's previous

23    counsel, Ms. Weinheimer, the Federal Defender (Carolyn Wiggin) sought to withdraw as counsel

24    in order to avoid any conflict of interest, and substitute Mark Eibert as counsel for petitioner.

25    (ECF No. 52.)  That request was approved by the court on June 18, 2015.  (ECF No. 53.)

26    Petitioner, in a pro se filing dated July 1, 2015, now contends that the Federal Defender should

27    not represent him when it is "embroiled in such a conflict of interest," and that any CJA Panel

28    attorney appointed by the Federal Defender "would contemplate a conflict of interest."  Petitioner

                                                  1

is incorrect.  The Federal Defender has already withdrawn as counsel based on its duties in the Weinheimer investigation.  A conflict of interest is not created with the mere appointment of CJA Panel attorney Eibert by the Federal Defender as his appointing authority.  The representational duties of a CJA Panel appointed attorney in representing petitioner are independent of the Federal Defender's Office.

Accordingly, IT IS ORDERED that:

1.  Petitioner's motion to transfer, construed as a motion to appoint new counsel, filed July 1, 2015 (ECF No. 54), is denied.

2.  The Clerk of the Court shall additionally serve this order on petitioner at Mule Creek State Prison.

Dated: July 10, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Mend1857.confl